CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-6748
    molly.friend@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>    Defendant. | Case No. 4:25-cv-04490-DMR<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant National Institutes of Health ("NIH" or "Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint filed on May 28, 2025 (ECF No. 1) in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.  All allegations not specifically admitted are denied.

## INTRODUCTION[1]

1. This paragraph consists of Plaintiff's characterization of this action and conclusions of law, to which no response is required.

2. This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

3. The first sentence of this paragraph consists of Plaintiff's characterization of this action to which no response is required.  As to the second sentence of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

4. This paragraph consists of Plaintiff's characterization of this action and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

5. The first two sentences of this paragraph consist of conclusions of law to which no response is required. As to the remaining sentences of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein, and on that basis denies them. To the extent any further response is required, Defendant admits that venue is proper in this judicial district.

6. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction, subject to the terms and limitations of FOIA.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**INTRADISTRICT ASSIGNMENT**

7. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith. With respect to the remaining allegations of paragraph 7 regarding where events and omissions occurred, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of those allegations, and on that basis denies them.

8. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith. The FOIA speaks for itself and is the best evidence of its contents.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

10. This paragraph consists of conclusions of law regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith.

**PARTIES**

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

12. Defendant NIH admits that it is a federal agency.

13. Defendant NIH admits that it qualifies as an "agency" under the FOIA, and that it is subject to the FOIA. Except as expressly admitted, Defendant NIH denies the allegations in this paragraph.

**LEGAL FRAMEWORK**

14. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

15. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

ANSWER
4:25-cv-04490-DMR                              3

16. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

17. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

18. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

19. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

20. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

21. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

22. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

23. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

24. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

25. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

26. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

27. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

28. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

29. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

30. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

31. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

32. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

33. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

## STATEMENT OF OPERATIVE FACTS

### *FOIA Request One*

34. Defendant NIH admits that Plaintiff submitted a FOIA request to NIH on June 11, 2024, ("Request One"). The remaining allegations contained in Paragraph 34 contain Plaintiff's description and characterization of this FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Request One for a full and accurate statement of its contents. All allegations concerning its contents inconsistent therewith are denied.

35. Defendant NIH admits.

36. Defendant NIH admits.

37. Defendant NIH admits.

38. Defendant NIH denies. Plaintiff submitted their request via NIH's FOIA mailbox, requiring NIH FOIA staff to manually enter their request into the electronic review platform.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

45. Defendant NIH admits.

46. The allegations contained in Paragraph 46 contain Plaintiff's description and characterization of correspondence dated August 5, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

47. Defendant NIH admits.

48. The allegations contained in Paragraph 48 contain Plaintiff's description and characterization of correspondence dated October 9. 2024, which speaks for itself and is the best evidence of its contents.  All allegations concerning its contents inconsistent therewith are denied.

49. Defendant NIH admits.

50. The allegations contained in Paragraph 50 contain Plaintiff's description and characterization of correspondence dated February 19, 2025, which speaks for itself and is the best evidence of its contents.  All allegations concerning its contents inconsistent therewith are denied.

51. Defendant NIH admits.

52. Defendant NIH admits.

53. Defendant NIH admits.

54. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant NIH admits only that it has not provided a final determination on Request One. Defendant denies the remaining allegations contained in this paragraph

55. This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

56. This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

57. This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

58. Defendant NIH admits only that it has not produced any records responsive to Request One. Defendant denies the remaining allegations contained in this paragraph.

59. This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

*FOIA Request Two*

61. Defendant NIH admits that Plaintiff submitted a second FOIA request to NIH on July 18, 2024 ("Request Two"). The remaining allegations contained in Paragraph 61 contain Plaintiff's description and characterization of this FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Request Two for a full and accurate statement of its contents. All allegations concerning its contents inconsistent therewith are denied.

62. Defendant NIH denies. The Plaintiff submitted to the NIH FOIA mailbox, which requires staff to manually enter the request into the electronic platform. Submission directly to the electronic platform occurs through a link on the NIH FOIA website.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

65. Defendant NIH admits.

66. The allegations contained in Paragraph 66 contain Plaintiff's description and characterization of correspondence dated October 5, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

67. Defendant NIH admits.

68. The allegations contained in Paragraph 68 contain Plaintiff's description and characterization of correspondence dated October 27, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

69. Defendant NIH admits.

70. The allegations contained in Paragraph 70 contain Plaintiff's description and characterization of correspondence dated February 19, 2025, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

71. Defendant NIH admits.

72. Defendant NIH admits.

73. Defendant NIH admits.

74. Defendant NIH admits only that it has not produced any records responsive to Request Two. Defendant denies the remaining allegations contained in this paragraph.

75. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

76. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

77. Defendant NIH admits.

78. Defendant NIH admits.

79. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

80. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND HHS REGULATIONS: FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

81. Defendant incorporates by reference responses to each allegation set forth above as if fully set forth herein.

82 The first sentence of this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this first sentence. Defendant NIH admits the 20-day timeframe for response for Request One and Request Two have passed. Defendant denies the remaining allegations contained in Paragraph 82.

83. Defendant admits that Plaintiff has not received any communications to date from Defendant NIH regarding Request One and Request Two. Defendant denies the remaining allegations contained in Paragraph 83.

84. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, and on that basis denies them. Defendant denies the remaining allegations contained in Paragraph 84.

ANSWER
4:25-cv-04490-DMR                                            9

1    85.    Defendant denies the allegations in this paragraph.

2    86.    Defendant denies the allegations in this paragraph.

## COUNT II

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:

## UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

87.    Defendant incorporates by reference responses to each allegation set forth above as if fully set forth herein.

88.    The first sentence of this paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this first sentence. Defendant denies the remaining allegations contained in Paragraph 88.

89.    Defendant denies the allegations in this paragraph.

90.    This paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

91.    Defendant denies the allegations in this paragraph.

92.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

93.    Defendant denies the allegations in this paragraph.

94.    Defendant denies the allegations in this paragraph.

## COUNT III

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

95.    Defendant incorporates by reference responses to each allegation set forth above as if fully set forth herein.

96.    The allegations in the first sentence of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first sentence of this paragraph.  Defendant denies the remaining allegations contained in this paragraph.

97.    Defendant admits the allegations in this paragraph.

98. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, and on that basis denies them. Defendant denies the remaining allegations contained in this paragraph.

99. Defendant denies the allegations in this paragraph.

## REQUEST FOR RELIEF

The remaining allegations constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant denies each and every allegation not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions. 5 U.S.C. § 552(b). Disclosure of such information is not required or permitted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA. 5 U.S.C. § 552.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## FOURTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

# **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by its Complaint;
2. Defendant has judgment against Plaintiff;
3. Defendant be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

DATED: July 11, 2025                                Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendant