1   CRAIG H. MISSAKIAN (CABN 125202)
    United States Attorney
2   PAMELA T. JOHANN (CABN 145558)
    Chief, Civil Division
3   KELSEY J. HELLAND (CABN 298888)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6488
6       FAX: (415) 436-6748
        molly.friend@usdoj.gov
7
8   Attorneys for Defendant

9   *Additional counsel listed on signature page*

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                       OAKLAND DIVISION

13

14   U.S. RIGHT TO KNOW,                    CASE NO. 4:25-cv-04490-DMR

15                                          **JOINT INITIAL CASE MANAGEMENT**
            Plaintiff,                      **STATEMENT**
16
17       v.                                 Date:       September 3, 2025
     NATIONAL INSTITUTES OF HEALTH,         Time:       1:30 p.m.
18                                          Location:   Zoom videoconference
            Defendant.                      Judge:      Hon. Donna M. Ryu
19

20

21

22

23

24

25

26

27

28

1      Plaintiff U.S. Right to Know ("USRTK" or "Plaintiff") and Defendant National Institutes

2   of Health ("NIH" or "Defendant"; together with Plaintiff, the "Parties") submit this Joint Initial

3   Case Management Statement.  As indicated below, because undersigned counsel for Defendant is

4   unavailable on the currently scheduled date of September 3, 2025, Defendant NIH respectfully

5   requests that the Court continue the Case Management Conference by two months, to **November**

6   **5, 2025**.  Plaintiff U.S. Right to Know does not oppose continuing the date of the current Case

7   Management Conference.

8       **1.**    **Jurisdiction and Service**

9      Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

10  § 552(a)(4)(B).  This Court has jurisdiction under 28 U.S.C. § 1331.  All parties have been

11  served.  Defendant answered Plaintiff's Complaint.  There are no issues pertaining to personal

12  jurisdiction, venue, or service.

13       **2.**    **Facts**

14     This action arises out of Plaintiff's FOIA Requests dated June 11, 2024 ("Request One")

15  and July 18, 2024 ("Request Two").  Request One generally sought records of communications

16  involving certain individuals related to COVID-19, specifically including communications that

17  had been deleted or for which deletion was attempted, as well as communications that were

18  conveyed on personal email accounts (including Gmail, Proton Mail or Tutanota) or text or

19  ephemeral messaging apps (such as Signal, Whatsapp, Telegram, Confide or Wire) of certain

20  identified NIH directors and several senior staff.  *See* Dkt. No. 1 ("Compl.") Ex. A.  Request Two

21  generally sought certain communications involving an NIH employee named Dr. Michael Lauer.

22  *See id.* Ex. B.  Plaintiff submitted the Requests by emailing them directly to the NIH FOIA

23  Officer, at the e-mail address of nihfoia@od.nih.gov.  *See id.* ¶¶ 34, 38, 61, 62; Dkt. No. 12

24  ("Ans.") ¶¶ 38, 62.  As of the date Plaintiff filed its Complaint on May 28, 2025, the NIH had not

25  responded to the Requests.  *See* Compl. ¶¶ 45, 51, 52, 67, 71, 72; Ans. ¶¶ 45, 51, 52, 67, 71, 72.

26     Counsel for the Parties met and conferred on August 8, 2025, in compliance with the

27  Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 5) and

28  have initiated discussions to determine whether this dispute can be resolved through a prompt

search and orderly production of responsive documents based on an agreed-upon production
schedule.

### 3. Legal Issues

The legal issues in this matter include the timeliness, scope, and nature of Defendant's
search for and production of records responsive to Plaintiffs' FOIA Requests; whether Defendant
has met its obligations to Plaintiff under FOIA; and whether Plaintiff will be entitled to an award
of attorneys' fees and other litigation costs. The Parties will continue to work in good faith to
attempt to resolve Plaintiff's claims without intervention from the Court.

### 4. Motions

There are no prior or pending motions. If the Parties do not resolve Plaintiff's claims,
they anticipate filing cross-motions for summary judgment. *See Sakamoto v. EPA*, 443 F. Supp.
2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper
avenue for resolving a FOIA claim."). If the Parties must file cross-motions for summary
judgment, they will meet and confer regarding a proposed briefing schedule for such motions.

### 5. Amendment of Pleadings

The Parties do not expect to add or dismiss any parties, claims, or defenses.

### 6. Evidence Preservation

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure
and have agreed to take reasonable and proportionate steps to preserve evidence relevant to the
issues reasonably evident in this case. The Parties do not believe at this time that this case raises
significant e-discovery issues.

### 7. Disclosures

The Parties agree that, with the Court's approval, initial disclosures are not necessary
because this is a FOIA action.

### 8. Discovery

The Parties do not anticipate conducting discovery, at this time, because this is a FOIA
action. No discovery has been taken by either Plaintiff or Defendant.

2

**9.    Class Actions**

This lawsuit is not a class action.

**10.    Related Cases**

The Parties are unaware of any related cases before another judge of this Court.

**11.    Relief**

Plaintiff seeks declaratory relief establishing that Defendant's failure to comply with FOIA is unlawful, based on Defendant's (1) failure to provide a final determination for Request One and Request Two, (2) withholding non-exempt public records responsive to Requests One and Request Two, (3) failure to provide a timely estimated date of completion for Request One and Request Two prior to Plaintiff's filing their complaint, as required by 5 U.S.C. § 552(a)(7)(B)(ii). Plaintiff also seeks a full, adequate and expedited search and production of the requested records and will seek reasonable costs and attorneys' fees as well as such further relief as the Court deems just and proper.

Defendant seeks a complete defense judgment and dismissal.

**12.    Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time.  The Parties have filed their ADR certifications.  The Parties will reassess regarding a formal request for ADR as the case progresses.  The Parties will continue to meet and confer regarding potential settlement.

**13.    Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so.  If necessary, the Parties may narrow any issues by stipulation.

**15.    Scheduling**

The Parties agree to work to resolve this matter through a negotiated settlement or, if necessary, by cross-motions for summary judgment.  The Parties submit, however, that setting a

3

further case schedule is premature at the time of the filing of this Joint Case Management Statement. The Parties are currently negotiating the scope of Defendant's search and the timing of any productions therefrom. Defendant respectfully requests that the Court continue the Case Management Conference by two months, to Wednesday, November 5, 2025.

Due to the necessity of a continuance arising from issues regarding the family of counsel for Defendant, as detailed herein, Plaintiff does not oppose the requested continuance. In advance of that Conference, the Parties will meet and confer further regarding Defendant's responses to the Requests, a production schedule for documents responsive to the Requests, and a proposed case schedule, as well as the nature of any exemptions that Defendant expects to claim at that time.

In further support of the Parties' request to continue the Case Management Conference, undersigned counsel for Defendant respectfully informs the Court that a member of his family is scheduled to undergo a medical procedure on September 3, 2025, and as a result he will not be available on the currently scheduled date for the Initial Case Management Conference.

**16.    Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. The Parties anticipate this matter will be resolved through mutual negotiations or, if required, on cross-motions for summary judgment.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. As set forth in Plaintiff's Certification of Conflicts and Interested Entities and Persons, *see* Dkt. No. 9, the undersigned counsel for Plaintiff certifies that, other than the named parties, there is no such interest to report.

**18.    Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19.    Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

The Parties have agreed to accept service of correspondence and productions by electronic means.

4

1    As indicated above, Defendant respectfully requests that the Court continue the Case

2  Management Conference by two months, to Wednesday, November 5, 2025, while Plaintiff does

3  not oppose the continuance.

4

5                                                          Respectfully submitted,

6  Dated: August 27, 2025                          */s/ Richard A. Brody*
                                                    Jessica L. Blome
7                                                   Lily A. Rivo
                                                    Richard A. Brody
8                                                   GREENFIRE LAW, PC
                                                    2748 Adeline Street, Suite A
9                                                   Berkeley, CA 94703
                                                    Telephone: (510) 900-9502
10                                                  Email: jblome@greenfirelaw.com
                                                    lrivo@greenfirelaw.com
11                                                  rbrody@greenfirelaw.com

12                                                  *Attorneys for Plaintiff US Right to Know*

13

14                                                 CRAIG H. MISSAKIAN
                                                   United States Attorney
15

16  Dated: August 27, 2025                          */s/ Kelsey J. Helland*
                                                    KELSEY J. HELLAND
17                                                  Assistant United States Attorney

18                                                  *Attorneys for Defendant*

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND

6