| | |
|---|---|
| 1 | CRAIG H. MISSAKIAN (CABN 125202)<br>United States Attorney |
| 2 | PAMELA T. JOHANN (CABN 145558)<br>Chief, Civil Division |
| 3 | KELSEY J. HELLAND (CABN 298888)<br>Assistant United States Attorney |
| 4 | |
| 5 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 6 | Telephone: (415) 436-6488<br>FAX: (415) 436-6748 |
| 7 | molly.friend@usdoj.gov |
| 8 | Attorneys for Defendant |
| 9 | *Additional counsel listed on signature page* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>      Plaintiff,<br><br>   v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>      Defendant. | CASE NO. 4:25-cv-04490-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date:     March 17, 2026<br>Time:     1:30 p.m.<br>Location: Zoom videoconference<br>Judge:    Hon. Ajay S. Krishnan |

1  Pursuant to Federal Rule of Civil Procedure 16(d), Civil Local Rule 16-10(d), and the
2  Court's Order Dkt. 23, Plaintiff U.S. Right to Know ("USRTK" or "Plaintiff") and Defendant
3  National Institutes of Health ("NIH" or "Defendant"; together with Plaintiff, the "Parties") submit
4  this Joint Further Case Management Statement in order to "report progress or changes since the
5  last statement was filed and make proposals for the remainder of the case development process."
6  Civ. L.R. 16-10(d); *see also* Dkt. 16.

**I.     Background and Current Status**

   **A.     Procedural History**

This case was filed on May 28, 2025, and was originally assigned to now-retired Chief Magistrate Judge Donna Ryu. Dkt. 4. The Initial Case Management Conference was set for September 3, 2025, and the Parties filed their Joint Initial Case Management Statement on August 27, 2025. Dkt. 5. Due to the unavailability of counsel for Defendant NIH, the Parties stipulated to continue the Case Management Conference to November 5, 2025. Dkt. 16. On November 5, 2025, the Parties submitted their Stipulation to Stay Case, due to the Government Shutdown. Dkt. 18. The Stipulation was adopted as the Order of the Court by Chief Magistrate Judge Ryu. Dkt. 19.

On January 20, 2026, following the retirement of Judge Ryu, this case was reassigned to the Hon. Magistrate Judge Ajay Krishnan. Dkt. 22. The Clerk's Notice Setting Case Management Conference for this case was then issued on January 30, 2026. Dkt. 23.

In the meantime, NIH made monthly productions of documents responsive to Plaintiff's FOIA Request Two from December 2025 through March 2026. As described below, the Parties have also engaged in negotiations regarding whether other documents responsive to Plaintiff's FOIA requests have already been made available to Plaintiff through other litigations or requests.

   **B.     Statement of Pertinent Facts**

This action arises out of Plaintiff's FOIA Requests dated June 11, 2024 ("Request One") and July 18, 2024 ("Request Two").

Request One is a two-part request. Part One of Request One seeks records of email communications related to the origins of Covid 19 that were deleted or attempted to be deleted on

1

personal email accounts operated or maintained by eight officials of the National Institutes of Health, including Dr. Anthony Fauci and Dr. David Morens, Senior Scientific Advisor at The National Institute of Allergy and Infectious Disease ("NIAID").  Part One of Request One documents that senior officials of the NIH may have used intentional misspellings to avoid emails being discovered in a keyword search.  *See,* Dkt. 1, Exh. A, pp. 20-24 of 57.

Part Two of Request One seeks records held by the NIH about making potentially embarrassing NIH records disappear, including deleting records after a FOIA request is filed.  Request One specifically seeks communications that were conveyed on personal email accounts (including Gmail, Proton Mail or Tutanota) or text or ephemeral messaging apps (such as Signal, Whatsapp, Telegram, Confide or Wire) of certain identified NIH directors and several senior staff.  *See* Dkt. No. 1 ("Compl.") Ex. A.  Part Two of Request One demonstrates that Dr. Morens intentionally sought to delete official NIH emails in order to avoid FOIA requests such as the one involved in this lawsuit.  Exh. A, pp. 25-26 of 57.

Request Two is also a two-part request.  Part One of Request Two seeks all email communications from Dr. Michael Lauer, Deputy Director for Extramural Research at the NIH, containing the email domain @ecohealthalliance.org.  Part Two of Request Two seeks documents sent on August 27, 2021, by Peter Daszak, President of EcoHealth Alliance, to Dr. Michael Lauer, Deputy Director for Extramural Research at the NIH, which were sent to Dr. Lauer via a Dropbox link.  *See id.* Ex. B.

Plaintiff submitted the Requests by emailing them directly to the NIH FOIA Officer, at the e-mail address of nihfoia@od.nih.gov.  *See id.* ¶¶ 34, 38, 61, 62; Dkt. No. 12 ("Ans.") ¶¶ 38, 62.  As of the date Plaintiff filed its Complaint on May 28, 2025, the NIH had not responded to the Requests.  *See* Compl. ¶¶ 45, 51, 52, 67, 71, 72; Ans. ¶¶ 45, 51, 52, 67, 71, 72.

Counsel for the Parties have repeatedly met and conferred to determine whether this dispute can be resolved through mutual negotiations.  The Parties continue to negotiate regarding the scope of Request One, specifically including the extent to which (1) the requested records have already been produced in response to other FOIA requests and litigations; (2) the requested

records no longer exist; and (3) the requested records are not in the possession, custody, or control of the NIH and therefore are not properly the subject of a FOIA request.

Since the date of submission of Request One, Plaintiff and Plaintiff's counsel have attempted to negotiate with the NIH to obtain the documents sought in Request One. No documents have been identified or produced despite these efforts and despite what Plaintiff's counsel believes to be the good faith efforts of counsel for Defendant.

Regarding Request Two, the agency completed its productions on Friday, March 6, 2026. Plaintiff is evaluating the productions and has so far identified issues concerning redactions made in certain documents. Defendant's counsel has informed Plaintiff's counsel that the redactions at issue were made by third parties before Defendant received the documents. Counsel for Plaintiff and counsel for Defendant are meeting and conferring to attempt to resolve these issues prior to this Case Management Conference

### C.   Settlement and ADR

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time if necessary, but do not believe that the matter is ripe for ADR at this time. The Parties have filed their ADR certifications. *See* Dkt. 14 & 15. The Parties will reassess regarding a formal request for ADR as the case progresses. The Parties will continue to meet and confer regarding potential settlement.

### D.   Scheduling

The Parties jointly request that the Court set a further Case Management Conference for Tuesday, April 21, 2026, at which the Parties will report on the status of their continued meet-and-confer efforts. The Parties respectfully submit that it is premature to enter a further case schedule at this juncture, while their meet-and-confer negotiations remain ongoing.

3

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:25-CV-04490-ASK

In the meantime, the Parties agree to continue to work to resolve this matter through a negotiated settlement or, if necessary, by cross-motions for summary judgment pursuant to a briefing schedule to be jointly proposed at a future date.

Respectfully submitted,

Dated: March 10, 2026

/s/ Richard A. Brody
Jessica L. Blome
Lily A. Rivo
Richard A. Brody
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

CRAIG H. MISSAKIAN
United States Attorney

Dated: March 10, 2026

/s/ Kelsey J. Helland
KELSEY J. HELLAND
Assistant United States Attorney

*Attorneys for Defendant*

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

/s/ Kelsey J. Helland
KELSEY J. HELLAND