CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6488
  FAX: (415) 436-6748
  molly.friend@usdoj.gov

Attorneys for Defendant

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | CASE NO. 4:25-cv-04490-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date:       April 21, 2026<br>Time:       1:30 p.m.<br>Location:   Zoom videoconference<br>Judge:      Hon. Ajay S. Krishnan |

Pursuant to Federal Rule of Civil Procedure 16(d), Civil Local Rule 16-10(d), and the Court's Order (Dkt. 25), Plaintiff U.S. Right to Know ("USRTK" or "Plaintiff") and Defendant National Institutes of Health ("NIH" or "Defendant"; together with Plaintiff, the "Parties") submit this Joint Further Case Management Statement in order to "report progress or changes since the last statement was filed and make proposals for the remainder of the case development process." Civ. L.R. 16-10(d); *see also* Dkt. 24.

## 1. Background and Current Status

This action arises out of Plaintiff's FOIA Requests dated June 11, 2024 ("Request One") and July 18, 2024 ("Request Two"). Request One generally sought records of communications involving certain individuals related to COVID-19, specifically including communications that had been deleted or for which deletion was attempted, as well as communications that were conveyed on personal email accounts (including Gmail, Proton Mail or Tutanota) or text or ephemeral messaging apps (such as Signal, Whatsapp, Telegram, Confide or Wire) of certain identified NIH directors and several senior staff. *See* Dkt. No. 1 ("Compl.") Ex. A. Request Two generally sought certain communications involving an NIH employee named Dr. Michael Lauer. *See id.* Ex. B. Plaintiff submitted the Requests by emailing them directly to the NIH FOIA Officer, at the e-mail address of nihfoia@od.nih.gov. *See id.* ¶¶ 34, 38, 61, 62; Dkt. No. 12 ("Ans.") ¶¶ 38, 62. As of the date Plaintiff filed its Complaint on May 28, 2025, the NIH had not responded to the Requests. *See* Compl. ¶¶ 45, 51, 52, 67, 71, 72; Ans. ¶¶ 45, 51, 52, 67, 71, 72.

Counsel for the Parties have repeatedly met and conferred to determine whether this dispute can be resolved through mutual negotiations. Since the most recent Joint Case Management Statement, Plaintiff has sent the NIH correspondence in response to the agency's positions that (1) the requested records have already been released, or are in the process of being released, in response to other FOIA requests and litigations; (2) the requested records no longer exist; and (3) the requested records are not in the possession, custody, or control of the NIH and therefore are not properly the subject of a FOIA request. Plaintiff's counsel has not received a response to date to its meet and confer correspondence of April 6, 2026, regarding these issues.

1

Regarding Request Two, the agency completed its productions on March 6, 2026, and Plaintiff has sent the NIH correspondence challenging certain of the redactions and withholdings. The NIH is in the process of reviewing these communications and preparing its responses.

**2.      Pending Related-Case Motion**

On April 13, 2026, the NIH filed an Administrative Motion to Consider Whether Cases Should Be Related under Civil Local Rule 3-12 in *U.S. Right to Know v. NIH*, No. 4:23-cv-2954-KAW, to determine whether that action should be related to this one as well as a third action captioned *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK.  *See* Dkt. 27.  USRTK is opposing the Administrative Motion to have these three cases deemed related.  That motion remains pending at this time.  The Parties respectfully submit that it would promote efficiency to have that motion decided before any case schedule is entered in this matter, so that, in the event the cases are related, the judge in the lowest-numbered case can enter a coordinated schedule after considering the status and issues in the three cases.

**3.      Scheduling**

The parties agree that, if they are unable to resolve their disputes in this case through negotiations, this FOIA matter should be resolved through cross-motions for summary judgment, without discovery.  Subject to the ruling on the pending related-case motion described above, the parties jointly propose the following schedule for this matter:

a.  Deadline to Join Parties:                                  May 18, 2026;

b.  Further Case Management Conference:              May 26, 2026;

c.  Deadline to Amend Pleadings:                          June 8, 2026;

d.  Defendant's Motion for Summary Judgment due:     January 13, 2027;

e.  Plaintiff's Opposition and Cross-Motion due:     February 10, 2027;

f.  Defendant's Reply and Opposition due:            March 3, 2027;

g.  Plaintiff's Reply due:                                       March 24, 2027;

h.  Summary Judgment Hearing:                            April 7, 2027.

However, because the Parties' negotiations regarding their disputes remain ongoing, with the intention that those negotiations might narrow or clarify the issues, and because those

2

negotiations could potentially result in the release of additional records on a timeline that is currently unknown, the Parties respectfully request that they be expressly permitted to seek modifications of any case schedule should the circumstances change.

The Parties request that the Court set a further Case Management Conference for Tuesday, May 26, 2026, by which time the Parties expect that an Order will have been entered regarding the NIH's Administrative Motion.

**4.      Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time if necessary, but do not believe that the matter is ripe for ADR at this time.  The Parties have filed their ADR certifications.  *See* Dkt. 14 & 15.  The Parties will reassess regarding a formal request for ADR as the case progresses.  The Parties will continue to meet and confer regarding potential settlement.

Respectfully submitted,

Dated: April 14, 2026

*/s/ Richard A. Brody*
Jessica L. Blome
Lily A. Rivo
Richard A. Brody
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

CRAIG H. MISSAKIAN
United States Attorney

Dated: April 14, 2026

/s/ *Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

*Attorneys for Defendant*

3

**<u>ATTORNEY ATTESTATION</u>**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*

KELSEY J. HELLAND

4

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:25-CV-04490-ASK