Daniel C. Snyder (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5251
Facsimile: (202) 232-7203
Email: dsnyder@publicjustice.net

Rachel S. Doughty (Cal. Bar No. 255904)
Lily A. Rivo (Cal Bar No. 242688)
Richard A. Brody (Cal Bar No. 100379)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
LRivo@greenfirelaw.com
RBrody@greenfirelaw.com
*Attorneys for Plaintiff US Right to Know*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | Case No.: 4:23-cv-2954-KAW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## I.    Introduction

Defendant National Institutes of Health's (the "NIH") Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12 and 7-11 ("Motion") should be denied. Dkt. No. 42. The only similarities between the three cases is that they involve the same Plaintiff ("USRTK"), the same Defendant, and the same statutory cause of action, the Freedom

PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED - CASE NO.: 4:23-CV-2954

of Information Act ("FOIA"). In this Opposition, USRTK will refer to the cases using the same terminology set forth by the NIH in its Motion. See Dkt. No. 42; "First Case" is No. 4:23-cv-2954 (N.D. Cal., filed Aug. 8, 2023); "Second Case" is No. 4:25-cv-04490-ASK (N.D. Cal., filed May 28, 2025) and "Third Case" is No. 3:26-cv-01500-SK (N.D. Cal., filed Feb. 20, 2026)). USRTK agrees with NIH that the Second and Third Cases may be deemed related—a fact notably absent from the body of NIH's Motion. USRTK objects, however, to having the First Case   deemed related to the Second and Third Cases.

**II.     Argument**

To have actions deemed related, the moving party must first show that the actions concern substantially the same parties, property, transaction, or event, and secondly, that there will likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Civ. L.R. 3-12(a)(1), (2). NIH's Motion should be denied because the three actions do not concern substantially the same transactions or events. Each of USRTK's FOIA requests underlying the three cases has been carefully crafted and seeks specific, unique documents that are unlikely to overlap. As counsel for USRTK differs across the actions, granting the Motion to relate all three will result in an unduly burdensome duplication of labor and expense. Instead, Plaintiff proposes deeming the Second Case and Third Case related.

**A.     The Actions Do Not Concern Substantially the Same Transactions or Events**

Defendant NIH contends that the three cases should be deemed to be related because they all seek "…NIH employees' communications related to the COVID-19 pandemic." Dkt. No. 42 at 2:4-6.  While the cases generally address COVID-19, the FOIA requests at issue in each case seek different documents, from different sources, pertaining to different topics, over select periods of time. As detailed below, and in the attached Declarations of Daniel C. Snyder and Richard A. Brody, contrary to the assertions of the NIH, these three cases involve far more than requests solely pertaining to Dr. David Morens. Dkt. No. 42 at 2. Dr. Morens is but one of many individuals mentioned in the FOIA requests in these three cases.  Id. at 2:4-15.

The First Case involves two separate FOIA requests. See Dkt. No. 1 (Compl.). Part I of

Request One seeks documents from Dr. Michael Lauer, Jenny Greer and Philip Smith relating to EcoHealth Alliance and the Wuhan Institute of Virology. Dkt. No. 1-2, at 1. Part II of Request One seeks documents from Dr. Stemmy to seven separate addressees. Id. The date range for both is November 1, 2013, to January 1, 2018. Id. Request Two of the First Case seeks records of all email correspondence to or from Dr. David Morens and the EcoHealth Alliance from January 1, 2016, to the present. Dkt. No. 1-3. Decl. of Daniel C. Snyder ISO Opp. to Mot. ("Snyder Decl."), ¶¶ 4 and 5.

The Second Case also involves two separate FOIA requests. Request One of the Second Case is a two-part request. Part I seeks records of email communications relating to the origins of COVID-19 that have been deleted or were attempted to be deleted from personal email accounts of NIH staff, including but not limited to Dr. Anthony Fauci, Dr. David Morens, Francis Collins, Greg Folkers, H. Clifford Lane, Erik Stemmy, Hugh Auchincloss, and Gray Handley. Request One of the Second Case requested that the NIH conduct a search for records surrounding the origins of COVID-19, including but not limited to the origins of COVID-19 or SARS-CoV-2, the Wuhan wet market or Huanan Seafood Wholesale Market, cases of unusual pneumonia in September, October, or November 2019, EcoHealth Alliance or Peter Daszak, Wuhan Institute of Virology or Shi Zhengli or Ben Hu, Ralph Baric, James Le Duc, and Kristian Andersen. Part II of Request One of the Second Case seeks a complete and thorough search of records concerning efforts to make potentially embarrassing NIH records disappear, including, but not limited to records related to NIH's employee Margaret "Marg" Moore. Exh. A at 18-26.

Request Two of the Second Case is also a two-part FOIA request. Part I seeks records of email communications to or from Dr. Michael Lauer, Deputy Director for Extramural Research of the NIH, which contain the email domain @ecohealthalliance.org. Part II of Request Two seeks documents sent on August 27, 2021, by Peter Daszak, President of EcoHealth to Dr. Lauer including numerous identified .pdf documents. Exh. A at 33-34.

The Third Case involves a single three-part FOIA request. This FOIA request seeks documents of official NIH business conducted by Dr. David Morens through the use of personal

communications channels. The records requested involve official NIH communications between Dr. Morens and 27 individuals containing any of nine separate keywords or combinations of keywords—a different request in scope, content, and volume of responsive records than the one involved in the First Case related to Dr. Morens. The period covered by all three requests in the Third Case is from January 1, 2020, to the present. Exh. B at 2-4.

Thus, contrary to the NIH's generic assertions, these three cases involve separate and distinct FOIA requests that will return different responsive records, from different custodians, on different FOIA topics. They do not involve the same transactions or events and the number and scope of exemptions applied by NIH will be different for each request. Indeed, NIH cites no case from this District in which FOIA cases have been deemed related.

**B.      Denying This Motion Will Not Cause an Unduly Burdensome Duplication of Labor or Produce a Risk of Conflicting Results**

USRTK agrees that the Second and Third cases may be deemed related as both cases are in the same litigation posture (pre-production), same counsel (Greenfire Law, P.C.), and may have limited overlap of responsive records (unknown at this time, as production has not even begun). Plaintiff opposes deeming the First Case related to the other Cases for three reasons:

First, the cases are in very different postures. The First Case is nearly three years old and is far advanced from the other two nascent cases. This Court has ordered NIH to produce all responsive and non-exempt portions of the approximately 43,000 pages of records received from Dr. Morens by May 20, 2026 (i.e., next month). Dkt. No. 41. On April 13th, 2026, NIH confirmed that it is on schedule to complete that production. Snyder Decl. at ¶ 7. Following production, Plaintiff anticipates conferring with NIH about the lawfulness of certain challenged redactions and, if the parties are unable to resolve their disputes, dispositive motion practice over those exemptions. Id. at ¶¶ 7 and 8. By contrast, the Second Case and Third Case are in their infancy. The Court has not ordered a full Case Schedule, nor has it issued Production Orders. In fact, the Court has not overseen Initial Case Management Conferences in the Second Case or the Third Case. Declaration of Richard A. Brody ISO Opp. to Mot. ("Brody Decl.") at ¶¶ 5-10. Given these different postures, it is hard to see how relating the First Case to the other two will

streamline issues or create efficiencies.

Second, the three cases do not have overlapping legal counsel. Mr. Snyder is counsel for USRTK only in the First Case. Brody Decl. at ¶¶ 3-4. An Order relating all three cases will increase costs and result in the unwarranted expenditure of time for Mr. Snyder for any issues pertaining to the Second and Third Cases. Snyder Decl. at ¶ 10.

Third, NIH identifies no specific issues where the assignment of these three cases to different judges poses a significant risk of conflicting results. See Dkt. No. 42; Civ. L.R. 3-12(a)(2). NIH speculates about overlapping legal issues related to "what records the Agency does or does not possess, and the propriety of its withholdings," claiming that some records in the Second Case may be produced in the First Case. Dkt. No. 42 at 2. This argument makes little logical sense. If this Court were to resolve exemption disputes in USRTK's favor in the First Case, then those records could not be lawfully withheld by NIH in the Second and Third cases, creating no risk of inconsistent rulings. If records produced in the First Case somehow overlap with the Second Case, then NIH's work is streamlined as it would have already processed and released those records in the prior proceeding. Finally, NIH suggests that this Court has "familiar[ity] with the scope" of records produced in the First Case, id., but to counsel's knowledge, very few if any responsive records have been placed before the Court for its review—which makes sense, because the parties have not yet conferred on exemption disputes or filed for summary judgment. Dkt. No. 23 at 2:9-14.

Defendant NIH has presented this Court with no evidence that indicates that the risk of conflicting results is anything other than a speculative possibility in the future.

## III.    Conclusion

Plaintiff USRTK respectfully requests that the Court deny Defendant NIH's Motion to Relate these three cases. Alternatively, Plaintiff USRTK agrees to the Court finding the Second Case and Third Case related. Plaintiff requests that the First Case remain unrelated.

Dated: April 17, 2026

By: /s/ Richard A. Brody

**GREENFIRE LAW, PC**
Rachel S. Doughty
Lily A. Rivo
Richard A. Brody

By: /s/ Daniel C. Snyder

*Pro Hac Vice*
**PUBLIC JUSTICE**

*Attorneys for Plaintiff U.S. Right to Know*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED - CASE NO.: 4:23-CV-2954