CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6488
FAX: (415) 436-6748
molly.friend@usdoj.gov

Attorneys for Defendant

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>        Defendant. | CASE NO. 4:25-cv-04490-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date:        May 19, 2026<br>Time:        1:30 p.m.<br>Location:    Zoom videoconference<br>Judge:       Hon. Ajay S. Krishnan |

Pursuant to Federal Rule of Civil Procedure 16(d), Civil Local Rule 16-10(d), and the Court's Order (Dkt. 30), Plaintiff U.S. Right to Know ("USRTK" or "Plaintiff") and Defendant National Institutes of Health ("NIH" or "Defendant"; together with Plaintiff, the "Parties") submit this Joint Further Case Management Statement in order to "report progress or changes since the last statement was filed and make proposals for the remainder of the case development process." Civ. L.R. 16-10(d); *see also* Dkt. 28.

**1.      Background and Current Status**

This action arises out of Plaintiff's FOIA Requests dated June 11, 2024 ("Request One") and July 18, 2024 ("Request Two").  Request One generally sought records of communications involving certain individuals related to COVID-19, specifically including communications that had been deleted or for which deletion was attempted, as well as communications that were conveyed on personal email accounts (including Gmail, Proton Mail or Tutanota) or text or ephemeral messaging apps (such as Signal, Whatsapp, Telegram, Confide or Wire) of certain identified NIH directors and several senior staff.  *See* Dkt. No. 1 ("Compl.") Ex. A.  Request Two generally sought certain communications involving an NIH employee named Dr. Michael Lauer.  *See id.* Ex. B.  Plaintiff submitted the Requests by emailing them directly to the NIH FOIA Officer, at the e-mail address of nihfoia@od.nih.gov.  *See id.* ¶¶ 34, 38, 61, 62; Dkt. No. 12 ("Ans.") ¶¶ 38, 62.  As of the date Plaintiff filed its Complaint on May 28, 2025, the NIH had not responded to the Requests.  *See* Compl. ¶¶ 45, 51, 52, 67, 71, 72; Ans. ¶¶ 45, 51, 52, 67, 71, 72.

Counsel for the Parties have repeatedly met and conferred to determine whether this dispute can be resolved through mutual negotiations.  Since the most recent Joint Case Management Statement, the NIH has responded to Plaintiff's April 6, 2026, correspondence regarding Request One and April 7, 2026, correspondence regarding certain redactions and withholdings in response to Request Two.

Plaintiff has further responded to NIH's responsive correspondence as to Request Two. Defendant contends that documents requested in Request One have been previously produced in response to other FOIA requests.  Plaintiff is in the process of reviewing the information provided by Defendant and will respond to Defendant once its document review is complete.

On May 6, 2026, Plaintiff provided its response to Defendant's exemption claims and redactions in the records produced to date by Defendant in response to Request Two.  In the May 6, 2026, response, Plaintiff continued to challenge many of the exemption claims and redactions made by Defendant.  Plaintiff contends that there are still significant differences that may lead to the necessity of Plaintiff requesting that the Court order Defendant to produce a Vaughn Index providing a particularized explanation of why each document at issue or portion thereof falls within the claimed exemption.  Defendant submits that it is premature to discuss the necessity of a *Vaughn* index, including because the parties are continuing to meet and confer about redactions, and because in any event such an index is properly prepared in the course of summary judgment briefing.

**2.      Scheduling**

**A.      Further Case Management Conference**

The Parties believe that the current Case Management Conference on May 19, 2026, may be continued one month, to June 16, 2026, so that the Court is more fully apprised of the status of the Parties' negotiations regarding any remaining disputes in this matter at that time.

**B.      Agreed Upon Schedule for Other Court Dates**

The Parties agree that, if they are unable to resolve their disputes in this case through negotiations, this FOIA matter should be resolved through cross-motions for summary judgment, without discovery.  The Parties jointly propose the following schedule for this matter:

a.  Deadline to Join Parties and Amend Pleadings:      June 12, 2026;

b.  Defendant's Motion for Summary Judgment due:      January 13, 2027;

c.  Plaintiff's Opposition and Cross-Motion due:      February 10, 2027;

d.  Defendant's Reply and Opposition due:      March 3, 2027;

e.  Plaintiff's Reply due:      March 24, 2027;

f.  Summary Judgment Hearing:      April 7, 2027.

However, because the Parties' negotiations regarding their disputes remain ongoing, with the intention that those negotiations might narrow or clarify the issues, and because those negotiations could potentially result in the release of additional records on a timeline that is

currently unknown, the Parties respectfully request that they be expressly permitted to seek modifications of any case schedule should the circumstances change.

**3.    Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time if necessary, but do not believe that the matter is ripe for ADR at this time.  The Parties have filed their ADR certifications.  *See* Dkt. 14 & 15.  The Parties will reassess regarding a formal request for ADR as the case progresses.  The Parties will continue to meet and confer regarding potential settlement.

Respectfully submitted,

Dated: May 12, 2026

*/s/ Richard A. Brody*
Jessica L. Blome
Lily A. Rivo
Richard A. Brody
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

CRAIG H. MISSAKIAN
United States Attorney

Dated: May 12, 2026

/s/ *Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

*Attorneys for Defendant*

**<u>ATTORNEY ATTESTATION</u>**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND

3