CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     FAX: (415) 436-6748
     kelsey.helland@usdoj.gov
     jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>    Plaintiff,<br>  v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>    Defendant. | Case No. 4:25-cv-04490-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date:        July 21, 2026<br>Time:       1:30 p.m.<br>Location:   Zoom videoconference<br>Judge:     Hon. Ajay S. Krishnan |
| U.S. RIGHT TO KNOW,<br><br>    Plaintiff,<br>  v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>    Defendant. | Case No. 4:26-cv-01500-ASK<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>(See above) |
| U.S. RIGHT TO KNOW,<br><br>    Plaintiff,<br>  v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | Case No. 4:26-cv-01971-ASK<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>(See above) |

Pursuant to the Court's Order (Dkt. 40), Plaintiff U.S. Right to Know ("USRTK" or "Plaintiff") and Defendants National Institutes of Health ("NIH") and U.S. Department of Health and Human Services ("HHS") (together with NIH, "Defendants"; collectively with Plaintiff, the "Parties") submit this Joint Case Management Statement addressing the three above-captioned cases which have been related before the Court.  *See also* Dkt. 39.

## I.    CASE NO. 4:25-CV-04490

### 1.    Background and Current Status

This action arises out of Plaintiff's FOIA Requests dated June 11, 2024 ("Request One") and July 18, 2024 ("Request Two").  Request One generally sought records of communications involving certain individuals related to COVID-19, specifically including communications that had been deleted or for which deletion was attempted, as well as communications that were conveyed on personal email accounts (including Gmail, Proton Mail or Tutanota) or text or ephemeral messaging apps (such as Signal, WhatsApp, Telegram, Confide or Wire) of certain identified NIH directors and several senior staff.  *See* Dkt. No. 1 ("Compl.") Ex. A.  Request Two generally sought certain communications involving an NIH employee named Dr. Michael Lauer.  *See id.* Ex. B.  Plaintiff submitted the Requests by emailing them directly to the NIH FOIA Officer, at the e-mail address of nihfoia@od.nih.gov.  *See id.* ¶¶ 34, 38, 61, 62; Dkt. No. 12 ("Ans.") ¶¶ 38, 62.  As of the date Plaintiff filed its Complaint on May 28, 2025, the NIH had not responded to the Requests.  *See* Compl. ¶¶ 45, 51, 52, 67, 71, 72; Ans. ¶¶ 45, 51, 52, 67, 71, 72.

Counsel for the Parties have repeatedly met and conferred to determine whether this dispute can be resolved through mutual negotiations.  Since the most recent Joint Case Management Statement, on July 8, 2026, Plaintiff responded to the NIH's correspondence dated May 5, 2026, regarding the parties' disputes concerning Request One.  The NIH is preparing its response to Plaintiff's correspondence also dated May 5, 2026, regarding the parties' disputes concerning the redactions and withholdings in response to Request Two, and the NIH expects to serve its response soon.  The Parties expect to continue their meet and confer efforts.

Plaintiff's Position:  Defendant contends that it has responded to Request One by referring to nine other FOIA requests, without identifying which of the thousands of pages of documents in

1

those other productions are responsive to Request One.  Because Defendant has not identified the specific documents that are allegedly responsive to Request Two, Plaintiff is being forced to guess at which documents Defendant contends are responsive to Request One.  Plaintiff is unable to challenge any redactions or claims or exemption because Plaintiff does not know which documents are allegedly responsive to Request One.  Similarly, Plaintiff is unable to request that the Court order Defendant to produce a Vaughn Index to challenge the basis for any redactions or claims of exemptions.  Plaintiff has also requested that the NIH produce responsive documents which the NIH produced to the Senate Homeland Security and Governmental Affairs Committee, chaired by Sen. Rand Paul, as well as documents the NIH produced to the House of Representatives Select Subcommittee on the Coronavirus Pandemic, which investigated of Dr. David Morens and former NIH employee Margaret Moore.  Finally, Plaintiff has not been provided with information about documents which have been withheld from production and is unable to challenge the basis for withholding of any such documents.

Defendant's position:  As indicated above, the Parties' meet-and-confer negotiations about Plaintiffs' Requests continue.  Defendant has repeatedly provided Plaintiff with summaries of other FOIA matters which substantially overlap with Plaintiff's Requests here, while also explaining the multiple problems with the manner in which Plaintiff's own Requests are framed.  Defendant has also previously provided extensive information about the basis for its withholdings in response to Request Two, and, as explained above, is actively preparing its response to Plaintiff's most recent questions in this regard.  Defendant submits that Plaintiff's incomplete summary of the Parties' ongoing meet-and-confer negotiations is unhelpful at this juncture.  Ultimately, if the Parties are unable to resolve these issues through mutual negotiations, the appropriate mechanism to resolve them is through fulsome merits briefing, not paragraph-long updates in case management statements.

**2.    Scheduling**

The Court has set a case schedule for this matter by prior Order.  *See* Dkt. 34.  At this point the Parties do not request any modifications to the case schedule.

2

**3.    Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time if necessary, but do not believe that the matter is ripe for ADR at this time.  The Parties have filed their ADR certifications.  *See* Dkt. 14 & 15.  The Parties will reassess regarding a formal request for ADR as the case progresses.  The Parties will continue to meet and confer regarding potential settlement.

**II.    CASE NOS. 4:26-CV-01500 & 4:26-CV-01971**

**1.    Jurisdiction and Service**

Plaintiff brought these actions under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B).  This Court has jurisdiction under 28 U.S.C. § 1331.  All parties have been served.  Defendants answered Plaintiff's Complaints.  There are no issues pertaining to personal jurisdiction, venue, or service.

**2.    Facts**

**a.  Case No. 4:26-CV-01500**

This action arises out of a three-part FOIA Request dated June 6, 2023, that was submitted to the NIH.  Generally, the Request seeks records relating to Dr. David Morens' personal communication channels, including Gmail, Slack, Signal, WhatsApp, and SMS messages.

Defendant's Position: NIH is currently processing all records from Morens' personal communication platforms within its possession, custody, or control, and is posting them publicly. The agency expects to complete processing and posting by the end of September 2026.

Plaintiff's position:  On June 26, 2026, counsel for the NIH stated that the agency was on track to complete processing of the Morens Gmail records by the end of September, and that the most recent set of records was posted online to the NIH FOIA Public Portal Reading Room the previous day.  However, the documents were produced in response to a FOIA request in a different case, not in response to this Request.  The documents being produced by the NIH apparently only involve messages sent from or received by Dr. Morens from his personal Gmail account, and not from his other private communications channels.  In addition, this Request seeks

3

Dr. Morens' communications with a far broader range of third parties and across a later time span than does the earlier request.

Plaintiff respectfully requests that the Court Order the NIH to provide counsel for Plaintiff with the anticipated number of documents to be produced responsive to this request on or before Wednesday, August 5, 2026. Plaintiff also respectfully requests that the Court order the NIH to produce documents as they become available rather than waiting until the end of September 2026 to produce all records.  Finally, Plaintiff respectfully requests that the Court order the NIH to identify by date, title author and BATES numbers all documents previously produced by the NIH which it contends are responsive to these requests.

### b.  Case No. 4:26-CV-01971

This action arises out of two FOIA Requests that Plaintiff submitted to HHS.  Request One, dated September 6, 2024, seeks records related to former or current HHS employees who participated in the Potential Pandemic Pathogens Care and Oversight Committee.  Request Two, dated July 16, 2025, seeks emails and attachments sent or received by HHS Secretary Alex Azar between November 1, 2019, and May 1, 2020, with certain individuals and/or email addresses or domains related to the origins of the Covid-19 virus.

Defendant's Position: HHS intends to meet and confer with Plaintiff regarding the temporal scope and the breadth of the proposed search terms.

Plaintiff's Position: Plaintiff respectfully requests that the Court order the HHS to provide a written meet and confer statement to Plaintiff's counsel on or before Wednesday, August 5, 2026.  The Defendant's meet and confer proposal implies that, despite the age of these FOIA requests, the HHS has yet to conduct any search for documents, let alone a search "reasonably calculated to uncover all relevant documents."  *Hamdan v. DOJ*, 797 F.3d 759, 770 (9th Cir. 2015).

Plaintiff also intends to request permission to file a First Amended Complaint adding claims pertaining to USRTK's FOIA Request ID 2688146, submitted to the Centers for Disease Control and Prevention on January 14, 2026.  The HHS oversees the Centers for Disease Control and Prevention. Plaintiff will seek to obtain a stipulation from the HHS agreeing to the filing of

4

the proposed First Amended Complaint. Plaintiff respectfully requests that the Court set a further Case Management Conference in this case for September 15, 2026, to provide the parties time to meet and confer regarding the proposed First Amended Complaint, and to determine whether the parties can stipulate to the filing of a proposed First Amended Complaint or whether a formal motion will be necessary.

### 3.    Legal Issues

The legal issues in these three cases include the timeliness, scope, and nature of Defendants' search for and production of records responsive to Plaintiff's FOIA Requests; whether Defendants have met their obligations to Plaintiff under FOIA; and whether Plaintiff will be entitled to an award of attorneys' fees and other litigation costs. The Parties will continue to work in good faith to attempt to resolve Plaintiff's claims without intervention from the Court.

### 4.    Motions

There are no prior or pending motions. If the Parties do not resolve Plaintiff's claims, they anticipate filing cross-motions for summary judgment. *See Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."). If the Parties must file cross-motions for summary judgment, they will meet and confer regarding a proposed briefing schedule for such motions.

### 5.    Amendment of Pleadings

The Parties do not expect to add or dismiss any parties or defenses. As indicated above, Plaintiff's counsel anticipates requesting Court permission to file a First Amended Complaint in Case No. 4:26-CV-01971.

### 6.    Evidence Preservation

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure and have agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this case. The Parties do not believe at this time that this case raises significant e-discovery issues.

5

**7.    Disclosures**

The Parties agree that, with the Court's approval,  initial disclosures are not necessary because this is a FOIA action.

**8.    Discovery**

The Parties do not anticipate conducting discovery, at this time, because this is a FOIA action.  No discovery has been taken by either Plaintiff or Defendant.  Plaintiff reserves the right to request Court permission to conduct limited discovery in the future if necessary.

**9.    Class Actions**

This lawsuit is not a class action.

**10.    Related Cases**

The Parties are unaware of any related cases before another judge of this Court.

**11.    Relief**

In each of these three cases, Plaintiff USRTK seeks the following relief:

1.  Order each Defendant to promptly provide USRTK all the information sought in this action and to immediately disclose the requested records in unredacted format unless an exemption is properly claimed and properly applies.

2.  Declare each Defendant's failure to provide USRTK with a final determination for each request as unlawful under the FOIA.

3.  Declare each Defendant's failure to promptly provide USRTK with all non-exempt records as unlawful under the FOIA.

4.  Declare each Defendant's failure to provide USRTK with an estimated date of completion, as required by 5 U.S.C. § 552(a)(7)(B)(ii), unlawful under the FOIA.

5.  Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412.

Defendants seek a complete defense judgment and dismissal.

**12.    Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time.  The Parties will

6

reassess regarding a formal request for ADR as the case progresses. The Parties will continue to meet and confer regarding potential settlement.

**13.    Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**15.    Scheduling**

The Parties agree to work to resolve this matter through a negotiated settlement or, if necessary, by cross-motions for summary judgment. The Parties submit, however, that setting a further case schedule is premature at the time of the filing of this Joint Case Management Statement.

**16.    Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. The Parties anticipate this matter will be resolved through mutual negotiations or, if required, on cross-motions for summary judgment.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. As set forth in Plaintiff's Certification of Conflicts and Interested Entities and Persons, *see* Dkt. No. 9, the undersigned counsel for Plaintiff certifies that, other than the named parties, there is no such interest to report.

**18.    Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19.    Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

The Parties have agreed to accept service of correspondence and productions by electronic means.

7

Respectfully submitted,

Dated: July 14, 2026

*/s/ Richard A. Brody*
Jessica L. Blome
Lily A. Rivo
Richard A. Brody
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*


CRAIG H. MISSAKIAN
United States Attorney

Dated: July 14, 2026

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
JEVECHIUS D. BERNARDONI
Assistant United States Attorneys

*Attorneys for Defendants*

8

JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 4:25-CV-04490-ASK; 4:26-CV-01500-ASK; 4:26-CV-01971-ASK

**<u>ATTORNEY ATTESTATION</u>**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*

KELSEY J. HELLAND

9