CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6748
kelsey.helland@usdoj.gov
jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | Case No. 4:25-cv-04490-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date: October 20, 2026<br>Time: 1:30 p.m.<br>Location: Zoom videoconference<br>Judge: Hon. Ajay S. Krishnan |
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | Case No. 4:26-cv-01500-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>(See above) |
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 4:26-cv-01971-ASK<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>(See above) |

Pursuant to the Court's Order (Case No. 4:25-cv-04490-ASK, Dkt. No. 45), Plaintiff U.S. Right to Know ("USRTK" or "Plaintiff") and Defendants National Institutes of Health ("NIH") and U.S. Department of Health and Human Services ("HHS") (together with NIH, "Defendants"; collectively with Plaintiff, the "Parties") submit this Joint Case Management Statement addressing the three above-captioned cases which have been related before the Court. *See also id.* Dkt. No. 39. Today, October 13, 2026, Plaintiff filed a first amended complaint in Case No. 4:26-cv-01971, adding Centers for Disease Control and Prevention, ("CDC") as a Defendant and related claims against CDC. Dkt. No. 25. For purposes of this Joint Case Management Statement, the parties agree not to address the additional claims against the CDC.

## I. <u>CASE NO. 4:25-CV-04490</u>

### 1. Background and Current Status

This action arises out of Plaintiff's FOIA Requests dated June 11, 2024 ("Request One") and July 18, 2024 ("Request Two"). Request One generally sought records of communications involving certain individuals related to COVID-19, specifically including communications that had been deleted or for which deletion was attempted, as well as communications that were conveyed on personal email accounts (including Gmail, Proton Mail or Tutanota) or text or ephemeral messaging apps (such as Signal, WhatsApp, Telegram, Confide or Wire) of certain identified NIH directors and several senior staff. The individuals whose records were sought include Dr. Anthony Fauci, Dr. David Morens, and six other current or former senior employees of the NIH and/or the National Institute of Allergy and Infectious Diseases (NIAID). *See* Dkt. No. 1 ("Compl.") Ex. A.

Request Two generally sought certain communications involving an NIH employee named Dr. Michael Lauer. *See id.* Ex. B. Plaintiff submitted the Requests by emailing them directly to the NIH FOIA Officer, at the e-mail address of nihfoia@od.nih.gov. *See id.* ¶¶ 34, 38, 61, 62; Dkt. No. 12 ("Ans.") ¶¶ 38, 62. As of the date Plaintiff filed its Complaint on May 28, 2025, the NIH had not responded to the Requests. *See* Compl. ¶¶ 45, 51, 52, 67, 71, 72; Ans. ¶¶ 45, 51, 52, 67, 71, 72.

Counsel for the Parties have repeatedly met and conferred to determine whether this dispute can be resolved through mutual negotiations. Since the most recent Joint Case Management Statement filed August 11, the NIH continues to review and prepare its response to Plaintiff's most recent correspondence regarding the redactions and withholdings in response to Request Two.

No documents have been produced by the NIH responsive to Request One to date. In the previous Joint Case Management Statement, Plaintiff noted that Dr. Fauci's iPhone had been obtained by the government, and requested that the NIH search the phone to determine whether its records are responsive to Request One. Defendants understand that the iPhone at issue was Dr. Fauci's government phone. The Parties are meeting and conferring regarding this request.

Plaintiff's Position:

Plaintiff appreciates Defendant's efforts to work collaboratively to search for potentially responsive records on Dr. Fauci's iPhone. Plaintiff respectfully requests that upon providing search terms, Defendant provide an estimated date by which such search will be completed.

Regarding Request Two, Plaintiff respectfully requests that the NIH respond to Plaintiff's August 11, 2026, meet and confer email by November 13, 2026.

Finally, Defendants report that the separate production of Dr. Morens' personal email communications into a public reading room was recently completed, with the final production uploaded on September 30. The attachments to the emails are currently undergoing responsiveness review. Defendants estimate that there are approximately 32,000 pages of attachments that remain to be reviewed, and anticipate completing their review in approximately three months, or roughly the end of December.

The Parties expect to continue their meet and confer efforts.

**2. Scheduling**

The Court has set a case schedule for this matter by prior Order. *See* Dkt. No. 34. At this point the Parties do not request any modifications to the case schedule. However, if the Parties reach an agreement regarding the release of records from Dr. Fauci's iPhone, they may propose a modification to the summary judgment briefing schedule to address the release of such records.

**3. Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time if necessary, but do not believe that the matter is ripe for ADR at this time. The Parties have filed their ADR certifications. *See* Dkt. Nos. 14 & 15. The Parties will reassess regarding a formal request for ADR as the case progresses. The Parties will continue to meet and confer regarding potential settlement.

## II. CASE NOS. 4:26-CV-01500 & 4:26-CV-01971

**1. Jurisdiction and Service**

Plaintiff brought these actions under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). This Court has jurisdiction under 28 U.S.C. § 1331. All parties have been served. Defendants answered Plaintiff's Complaints. There are no issues pertaining to personal jurisdiction, venue, or service.

**2. Facts**

**a. Case No. 4:26-CV-01500**

This action arises out of a three-part FOIA Request dated June 6, 2023, that was submitted to the NIH. Generally, the Request seeks records relating to Dr. David Morens' personal communication channels, including Gmail, Slack, Signal, WhatsApp, and SMS messages.

Defendant's Position: NIH is currently processing all records from Morens' personal communication platforms within its possession, custody, or control, and is posting them publicly. As reported above, NIH recently completed the production of Dr. Morens' personal email communications into a public reading room, with the final production uploaded on September 30. The attachments to the emails are currently undergoing responsiveness review. NIH estimates that there are approximately 32,000 pages of attachments that remain to be reviewed, and anticipate completing the review in approximately three months, or roughly the end of December.

Plaintiff's position: Plaintiff is reviewing the documents posted the NIH posted to the NIH FOIA Public Portal Reading Room. Plaintiff maintains its position that many of the documents were produced in response to a FOIA request in a different case, not in response to this Request. The documents being produced by the NIH apparently only involve messages sent

from or received by Dr. Morens from his personal Gmail account and possibly from his Proton Mail account, and not from his other private communications channels. In addition, this Request seeks Dr. Morens' communications with a far broader range of third parties and across a later time span than does the earlier request.

Today, NIH responded to Plaintiff's September 1, 2026, meet and confer email regarding Plaintiff's ability to challenge redactions for those records posted to the NIH FOIA Public Portal Reading Room containing Dr. Morens's emails. Plaintiff understands that upon Plaintiff's review of these processed records, Plaintiff shall have the right to challenge redactions, regardless of whether those processed records were posted in response to Plaintiff's FOIA request or another lawsuit. Additionally, Plaintiff understands that the records produced on September 30, 2026, are a final production from NIH.

Regarding Dr. Morens's attachment to emails, Plaintiff appreciates NIH's efforts to meet and confer and regarding the processing of these records anticipates working together to address any future issues concerning these records. Plaintiff requests NIH confirm whether these attachments will be uploaded to a separate folder identified as responsive to USRTK's lawsuit.

Plaintiff previously respectfully requested that the Court Order the NIH to provide counsel for Plaintiff with the anticipated number of documents to be produced responsive to this request on or before Wednesday, August 26, 2026. Plaintiff understands that NIH's position is that the agency has officially responded in full and has provided all of Dr. Morens's personal email communications. Finally, Plaintiff respectfully requests that the Court order the NIH to identify by date, title, author and BATES numbers of all documents previously produced by the NIH which it contends are responsive to these requests.

**b. Case No. 4:26-CV-01971**

This action arises out of two FOIA Requests that Plaintiff submitted to HHS. Request One, dated September 6, 2024, seeks records related to former or current HHS employees who participated in the Potential Pandemic Pathogens Care and Oversight Committee. Request Two, dated July 16, 2025, seeks emails and attachments sent or received by HHS Secretary Alex Azar

between November 1, 2019, and May 1, 2020, with certain individuals and/or email addresses or domains related to the origins of the Covid-19 virus.

Defendant's Position: HHS stipulated to allow Plaintiff to file a first amended complaint, and the Court approved that stipulation on October 9, 2026. Dkt. No. 24. Plaintiff filed the first amended complaint earlier today (Dkt. No. 25); HHS is reviewing it and will proceed accordingly. In the interim, HHS has been searching for records responsive to the FOIA requests at issue in the original complaint. With respect to the FOIA requests at issue in the original complaint, HHS and its components have identified a very large set of potentially responsive records and intend to meet and confer with Plaintiff to narrow the scope of the FOIA requests.

Plaintiff's Position: On August 11, 2026, USRTK responded to the HHS' August 10, 2026, email. In its August 10, 2026, email, the HHS stated that it had started its search for records responsive to Request One and that its search was continuing. USRTK agreed to a proposal by the HHS regarding Request Two which the HHS stated would allow the HHS to produce records to USRTK as quickly as possible.

Following Plaintiff's August 11, 2026, email response to HHS's request for further information, Plaintiff has not received an update on HHS's processing of records responsive to Request 1 and Request 2. Plaintiff looks forward to conferring with HHS regarding the scope of the FOIA Requests and respectfully requests HHS provide an estimated date of completion for processing records, as well as an estimate for the number of potentially responsive records to each request.

Plaintiff filed its First Amended Complaint adding claims pertaining to USRTK's FOIA Request ID 2688146, submitted to the Centers for Disease Control and Prevention on January 14, 2026. Dkt. No. 25. The HHS oversees the Centers for Disease Control and Prevention. Plaintiff respectfully requests that the Court set a further Case Management Conference in this case for December 8, 2026, to provide the parties time to meet and confer following service of the First Amended Complaint.

**3. Legal Issues**

The legal issues in these three cases include the timeliness, scope, and nature of Defendants' search for and production of records responsive to Plaintiff's FOIA Requests; whether Defendants have met their obligations to Plaintiff under FOIA; and whether Plaintiff will be entitled to an award of attorneys' fees and other litigation costs. The Parties will continue to work in good faith to attempt to resolve Plaintiff's claims without intervention from the Court.

**4. Motions**

There are no prior or pending motions. If the Parties do not resolve Plaintiff's claims, they anticipate filing cross-motions for summary judgment. *See Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."). If the Parties must file cross-motions for summary judgment, they will meet and confer regarding a proposed briefing schedule for such motions.

**5. Amendment of Pleadings**

The Parties do not expect to add or dismiss any parties or defenses. HHS stipulated to allow Plaintiff to file a first amended complaint (Dkt. No. 23), and the Court approved that stipulation on October 9, 2026 (Dkt. No. 24). Plaintiff filed the first amended complaint earlier today (Dkt. No. 25).

**6. Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure and have agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this case. The Parties do not believe at this time that this case raises significant e-discovery issues.

**7. Disclosures**

The Parties agree that, with the Court's approval, initial disclosures are not necessary because this is a FOIA action.

**8. Discovery**

The Parties do not anticipate conducting discovery, at this time, because this is a FOIA action. No discovery has been taken by either Plaintiff or Defendant. Plaintiff reserves the right to request Court permission to conduct limited discovery in the future if necessary.

**9. Class Actions**

This lawsuit is not a class action.

**10. Related Cases**

The Parties are unaware of any related cases before another judge of this Court.

**11. Relief**

In each of these three cases, Plaintiff USRTK seeks the following relief:

1. Order each Defendant to promptly provide USRTK all the information sought in this action and to immediately disclose the requested records in unredacted format unless an exemption is properly claimed and properly applies.
2. Declare each Defendant's failure to provide USRTK with a final determination for each request as unlawful under the FOIA.
3. Declare each Defendant's failure to promptly provide USRTK with all non-exempt records as unlawful under the FOIA.
4. Declare each Defendant's failure to provide USRTK with an estimated date of completion, as required by 5 U.S.C. § 552(a)(7)(B)(ii), unlawful under the FOIA.
5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412.

Defendants seek a complete defense judgment and dismissal.

**12. Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties will reassess regarding a formal request for ADR as the case progresses. The Parties will continue to meet and confer regarding potential settlement.

**13. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**15. Scheduling**

The Parties agree to work to resolve this matter through a negotiated settlement or, if necessary, by cross-motions for summary judgment. The Parties submit, however, that setting a further case schedule is premature at the time of the filing of this Joint Case Management Statement.

Plaintiff requests the Court set the next Case Management Conference on December 8, 2026, in order to provide the parties time to meet and confer regarding outstanding issues, including the respective agency's processing of responsive records and Plaintiff's evaluation and preparation of a response, including any potential challenges to applied redactions or exemptions.

**16. Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. The Parties anticipate this matter will be resolved through mutual negotiations or, if required, on cross-motions for summary judgment.

**17. Disclosure of Non-Party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. As set forth in Plaintiff's Certification of Conflicts and Interested Entities and Persons, *see* Dkt. No. 9, the undersigned counsel for Plaintiff certifies that, other than the named parties, there is no such interest to report.

**18. Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19. Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

The Parties have agreed to accept service of correspondence and productions by electronic means.

Respectfully submitted,

Dated: October 13, 2026 *<u>/s/ Lily A. Rivo</u>*

Jessica L. Blome
Lily A. Rivo
Richard A. Brody
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff US Right to Know*

CRAIG H. MISSAKIAN
United States Attorney

Dated: October 13, 2026

/s/ *Kelsey J. Helland*
KELSEY J. HELLAND
JEVECHIUS D. BERNARDONI
Assistant United States Attorneys

*Attorneys for Defendants*

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND